Dear Representative Murphy:
This opinion is in response to your questions asking:
 A. Can the Board of Aldermen in a fourth-class municipality appoint a special counsel without the Mayor's approval or recommendation?
 B. Can such an appointment be made when there is no vacancy in the City Attorney's position and/or when there is no assistance needed or requested by the City Attorney?
Section 79.230, RSMo 1986, provides:
 79.230. Appointive officers. — The mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have power to appoint a treasurer, city attorney, city assessor, street commissioner and night watchman, and such other officers as he may be authorized by ordinance to appoint, and if deemed for the best interests of the city, the mayor and board of aldermen may, by ordinance, employ special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor, and the person elected marshal may be appointed to and hold the office of street commissioner.
A fourth class city possesses only the powers which are expressly granted or necessarily implied, and any doubt concerning the existence of power is resolved against the municipality. State ex rel. City of Blue Springs v.McWilliams, 74 S.W.2d 363, 364 (Mo. banc 1934). Furthermore, "[w]hen the Legislature has expressly provided a method or methods by which a power conferred upon a municipality shall be exercised, the municipality has no implied power to exercise it in another manner." Id. at 367.
Under Section 79.230, the mayor and board of aldermen of a fourth class city may employ special counsel. The statute requires both the mayor and the board of aldermen employ the special counsel by ordinance. Since Section 79.230 provides the only method for a fourth class city to employ special counsel, the power to employ special counsel may not be exercised in any other fashion. Therefore, the board of aldermen may not employ special counsel without approval of the mayor, even though they pass an ordinance employing special counsel over the mayor's veto.
Based upon the answer to question A and the facts you submitted in your opinion request, it is unnecessary to address question B.
CONCLUSION
It is the opinion of this office that pursuant to Section79.230, RSMo 1986, the board of aldermen of a fourth class city may not employ special counsel without approval of the mayor.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General